**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-96-00464-002-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Ricardo Briones, | |
| Defendant. | |

In 1997, Defendant Ricardo Briones was convicted of two counts of witness tampering, one count of assault with a dangerous weapon, and one count of RICO conspiracy. The Court sentenced him to 405 months in prison. (Doc. 120.)  Defendant is currently serving his sentence in the Fort Dix, New Jersey low security federal correctional institution.

Defendant now moves for compassionate release, arguing that COVID-19 poses a particularly high risk to him because of his deep vein thrombosis.  (Doc. 394.)  The Court may reduce a term of imprisonment upon:

> motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  Here, Defendant has not filed an administrative request for

compassionate release with the warden of his facility.  It is well-established that when a statute contains a traditional exhaustion requirement, that requirement cannot be waived. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004).  However,

> § 3582(c)(1)(A) does not contain an exhaustion requirement in the traditional sense.  That is, the statute does not necessarily require the moving defendant to fully litigate his claim before the agency (i.e., the BOP) before bringing his petition to court. Rather, it requires the defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court.

*United States v. Haney*, 19-cr-541 (JSR), 2020 WL 1821988, at *3 (S.D.N.Y. Apr. 13, 2020).  Nevertheless, the Court is not inclined to modify a sentence when Defendant did not even attempt to seek administrative remedies.   Defendant's only explanation for his failure to exhaust is the bare assertion that exhaustion would be futile because the Bureau of Prisons ("BOP") "cannot or will not provide the relief requested in this petition."  (Doc. 394 at 7.)  However, he has not alleged that he made any personal attempt to exhaust his administrative remedies and fails to otherwise sufficiently allege futility.  Although the Court does not find exhaustion of remedies to be jurisdictional, it will not ignore the language of the statute simply because Defendant claims, without specific explanation or factual support, that any administrative filing would be futile.

Turning to the merits, U.S.S.G. § 1B1.13 defines "extraordinary and compelling reasons" that may make a defendant eligible for compassionate release.  Those reasons include a terminal illness or a serious medical condition that "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Defendant bears the burden of proving that such extraordinary and compelling reasons exist. *See United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020). He has not done so.  Defendant has shown that, as an individual who suffers from deep vein thrombosis, he falls into a category of individuals who could have a higher than average risk of medical complications should he contract the coronavirus, but he has not

- 2 -

shown that his situation rises to the level of an extraordinary and compelling circumstance justifying early release.  *See, e.g. United States v. Ebherhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence") (N.D. Cal. Mar. 25, 2020.).  Accordingly,

**IT IS ORDERED** that the Motion to Release the Defendant from the Bureau of Prisons Custody (Doc. 394) is **DENIED**.

Dated this 16th day of July, 2020.


_____
Douglas L. Rayes
United States District Judge

- 3 -